Per curiam.

-Declarations of the deceased have sometimes been received, but then they must be the declarations of a dying man, of one so near his end that no hope of life remains, for then the solemnity of the occasion is a good security for his speaking the truth, as much so as if he were under the obligation of an oath ; but if at the time of making the declaration he has reasonable prospects and hope of life, such declarations ought not to-be received 5 for there is room to apprehend he may be actuated by motives of revenge and ;ui irritated mind, to declare what possibly may not be true.
Et per Haywood, judge.
Though it may not be proper to receive tisis paper as containing the declarations of the deceases;!, it may be a question whether it may not be received as an e;:<i-aminauou taken on oath before a jusJce of the Peace, pursuant to the act of Assembly prescribed Tor such depositions in cases of felony j when regularly taken pursuant to the act, aud the witness afterwards dies, it imy be read ui uvi .1-.:.'!;,: ; more espemJfo *32 if the party tobe affected by that testimony were present? at the examination, as the prisoner was in the present case.
Badger, for the prisoner. I conceive it cannot be read, because the Justice says he believes the deceased was first examined and what he said taken down, and then he was sworn to the truth-of the contents; he should have been first sworn to tell the whole truth and then what he. said taken down ; as he was sworn he might have sworn truly and yet not to all he knew..
Stone, Judge.—I connot think this paper is receivable at any rate ; how is it-possible a man can be a witness to prove his own deaf!'.?
Haywood, Judge, thinking there might be-something in Badger’s objection, did not insist upon receiving the testimony.
Suit was rejected.